UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

CELIA Y. AZUCAR on behalf of
herself and similarly situated employees,

     Plaintiff,

vs.

VIP KIDZ, LLC, a Florida
limited liability company,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CELIA Y. AZUCAR ("AZUCAR") on behalf of herself and similarly situated employees, sues Defendant, VIP KIDZ, LLC, a Florida limited liability company ("VIP KIDZ"), and state as follows:

### Jurisdiction

1.     This is an action for damages brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. §§ 201-209 (hereinafter "FLSA") and or other relief.

2.     Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims.

3.     Venue is proper in Palm Beach County, Florida since the Defendant does business in Palm Beach County and since all of the claims accrued in Palm Beach County, Florida.

### The Parties/Participants

4.     AZUCAR is an individual residing in Palm Beach County, Florida and is *sui juris*. AZUCAR was at all material times hereto an employee of VIP KIDZ.

CELIA Y. AZUCAR on behalf of herself and similarly situated employees
vs. VIP KIDZ, LLC, a Florida limited liability company
Complaint for Damages
Page 2 of 8

5.     Defendant does business in South Florida as an owner and operator of two day care facilities in West Palm Beach and Loxahatchee Groves, Florida, that caters to and provides skilled nursing care to children ages birth to 21 years of age with special medical needs.

### General Allegations

6.     This is an action seeking recovery of unpaid overtime compensation owed to Plaintiff and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq,* as amended.

7.     At all times material hereto, Plaintiff was and is a resident of the State of Florida and was employed by Defendant.

8.     At all times material hereto, Defendant was doing business in the State of Florida and has regularly engaged in activities that involve interstate commerce or that are specifically covered by the FLSA. Moreover, at all times material hereto, the Defendant had annual gross sales or business in an amount not less than $500,000.00. By reason of the foregoing, the Defendant was and is an "employer" within the mearing of Section 3(d) of the FLSA.

9.     On many occasions throughout her employment with Defendant, AZUCAR worked in excess of forty hours per week and was not paid overtime.

10.     During the time that AZUCAR has been employed at VIP KIDZ (approximately September 7, 2015 through November 15, 2018), she and all similarly situated employees have been improperly characterized as an independent contractors rather than an employee and wrongfully issued and filed with the IRS 1099's for each year employed, so that VIP KIDZ could attempt to avoid complying with Federal and State laws including, but not limited to, the failure to pay Federal payroll taxes and State unemployment taxes. As to Plaintiff and all similar situated

CELIA Y. AZUCAR on behalf of herself and similarly situated employees
vs. VIP KIDZ, LLC, a Florida limited liability company
Complaint for Damages
Page 3 of 8

employees, VIP KIDZ (a) dictated the days and hours they would work; (b) provided all tools they needed to perform their work; (c) required them to work in Defendant's facilities; and (d) dictated and directed, supervised and managed them in all work they did and otherwise always acted as their employer.

11.     AZUCAR has retained the undersigned law firm in this matter and has agreed to pay it a reasonable fee for its services.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)

12.     The Plaintiff reasserts and re-alleges the allegations contained within paragraphs 1 through 11 as if the same were more fully set forth herein.

13.     For purposes of this claim, Plaintiff and all similarly situated individuals were employees mischaracterized as independent contractors of VIP KIDZ when they were in fact employees as defined by the FLSA.

14.     At all times relevant the Defendant was otherwise charged with the responsibility of paying wages to Plaintiff and all similarly situated individuals.

15.     Defendant is an employer as defined by the Fair Labor Standards Act.

16.     The Plaintiff brings this action on her own behalf and on behalf of all similarly situated individuals to recover overtime compensation or other relief as guaranteed them under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

17.     Plaintiff, and all similarly situated individuals, were all non-exempt hourly paid employees of Defendant wrongfully classified as independent contractors employed as laborers and particularly medical assistants/nurse assistants and transport assistants at VIP  KIDZ day care

CELIA Y. AZUCAR on behalf of herself and similarly situated employees
vs. VIP KIDZ, LLC, a Florida limited liability company
Complaint for Damages
Page 4 of 8

facilities in Florida, which provides services to children and clients of Defendant in a day care center for medically needy children in South Florida.

18.     This action is brought to recover from Defendant overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under provisions of Title 29 U.S.C. §216(b)(the "Act").

19.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  At all times pertinent to this Complaint, Plaintiff and all similarly situated individuals were characterized and paid as independent contractors but in fact employes of Defendant, who acted as an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(s).  The annual gross sales volume of Defendant was in excess of five hundred thousand dollars per annum.

20.     At all times pertinent to this action, Defendant failed to comply with Title 29 U.S.C. §§201-209 in that Plaintiff and all similarly situated individuals performed services for Defendant for which no provision was made by Defendant to properly pay Plaintiff and all similarly situated individuals for all hours worked in excess of forty (40) hours within a work week.  Plaintiff, and all similarly situated individuals, worked overtime hours on one or more work weeks.

21.     Defendant had full knowledge that Plaintiff and all similarly situated individuals were required to and in fact did work hours in excess of forty (40) hours on a regular basis and failed to compensate Plaintiff and all similarly situated individuals for the same.

22.     The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation that each was paid are in the possession and custody of Defendant or have been deliberately altered and/or destroyed by Defendant.

CELIA Y. AZUCAR on behalf of herself and similarly situated employees
vs. VIP KIDZ, LLC, a Florida limited liability company
Complaint for Damages
Page 5 of 8

23.     Plaintiff, and all similarly situated individuals are entitled to be paid time and a half their regular rate of pay for each and every hour worked in excess of forty (40) hours per work week whether worked on or off the clock or whether reflected on any documents maintained by Defendants.  A preliminary estimated summary of the overtime hours worked by Plaintiff during the relevant period of time and the damages due Plaintiff under the FLSA shows that during the recoverable work weeks ending August 20, 2016 through November 11, 2017 that Plaintiff worked a total of 760.25 overtime hours and is owed and due unpaid overtime and liquidated damages in the total amount of $8,754.05. A copy of the damage calculation worksheet is attached hereto as Exhibit "A".

24.     By reason of said unlawful acts of Defendant, Plaintiff and all similarly situated individuals have suffered damages plus incurred costs and reasonable attorney's fees.

25.     As a result of Defendant's violations of the Act, Plaintiff and all similarly situated individuals are entitled to liquidated damages.

WHEREFORE, Plaintiff, CELIA Y. AZUCAR individually and on behalf of all similarly situated individuals demands judgment against Defendant, VIP KIDZ, LLC, a Florida limited liability company, for payment of all overtime hours at one and on half times their regular rate of pay due each of them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorneys' fees and costs of suit, and for all other proper relief including injunctive, declaratory relief and pre-judgment interest.

## Count II – Violations of Unfair and Deceptive Trade Practices Act

26.     The Plaintiff reasserts and re-alleges the allegations contained within paragraphs 1 through 11 as if the same were more fully set forth herein.

CELIA Y. AZUCAR on behalf of herself and similarly situated employees
vs. VIP KIDZ, LLC, a Florida limited liability company
Complaint for Damages
Page 6 of 8

27.     The actions of Defendant in intentionally misclassifying Plaintiff as an independent contractor and thus avoiding payment of all required taxes and insurance premiums and required overtime are an unfair and deceptive trade practice prohibited by Florida Statutes.

28.     As a direct and proximate result of Defendant's unfair and deceptive trade practices, AZUCAR has suffered damages in an amount in excess of $15,000.00

WHEREFORE, AZUCAR demands judgment against Defendant for damages in excess of $15,000.00, together with interest, costs, attorneys' fees as provided by Fla. Stat. §501.211, and for any and all other relief this Court deems just and proper under the circumstances.

### Count III – Declaratory Relief

29.     The Plaintiff reasserts and re-alleges the allegations contained within paragraphs 1 through 11 as if the same were more fully set forth herein.

30.     VIP KIDZ contends that AZUCAR is an independent contractor.

31.     There is a bona fide, actual and present need for declaratory relief between the parties. AZUCAR contends that she has been improperly classified as an independent contractor when in fact she was an employee.

32.     AZUCAR seeks a declaration concerning a present, ascertained or ascertainable state of facts and in particular a declaration of whether she was an independent contractor or employee.

33.     An immunity, power, privilege or right of AZUCAR is dependent upon the facts or the law applicable to the facts.

CELIA Y. AZUCAR on behalf of herself and similarly situated employees
vs. VIP KIDZ, LLC, a Florida limited liability company
Complaint for Damages
Page 7 of 8

34.    AZUCAR has, or is reasonably expected to have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

35.    The antagonistic and/or adverse interests are before this Court by proper process.

36.    The relief sought is not merely for giving of legal advise.

WHEREFORE, AZUCAR demands declaratory judgment and requests damages, together with interest and court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

## Count IV – Violation of 26 U.S.C. Section 7434

37.    The Plaintiff reasserts and re-alleges the allegations contained within paragraphs 1 through 11 as if the same were more fully set forth herein.

38.    Based upon the foregoing, Defendant has violated 26 U.S.C. Section 7424 by willfully filing of fraudulent information returns.

39.    AZUCAR is entitled to damages for violation of this statute by Defendant resulting in harm to her, as well as attorney's fees and costs.

WHEREFORE, AZUCAR demands judgment for damages, fees and costs, as allowed by law pursuant to 26 U.S.C. Section 7424(b) and any further relief this court deems just and proper under the circumstances.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

CHRISTOPHER C. COPELAND, P.A.
1003 W. Indiantown Road, Ste 208
Jupiter, FL  33458

CELIA Y. AZUCAR on behalf of herself and similarly situated employees
vs. VIP KIDZ, LLC, a Florida limited liability company
Complaint for Damages
Page 8 of 8

561-691-9048 (office)
866-259-0719 (FAX)
Primary e-mail:  Chris@CopelandPA.com
Secondary e-mail:  Carla@CopelandPA.com

/s/ Christopher C. Copeland
CHRISTOPHER C. COPELAND, ESQ.
Florida Bar #938076
*Attorney for Plaintiff*

.

Exhibit "A" to Complaint - Overtime Damage Calculation Worksheet

| Work Week Ending | PTO | Holiday | Hours Worked | Meal Time deducted | Hours worked over 40 | O/T Rate | FLSA Damages |
|---|---|---|---|---|---|---|---|
| 8/20/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 8/27/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 9/3/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 9/10/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 9/17/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 9/24/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 10/1/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 10/8/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 10/15/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 10/22/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 10/29/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 11/5/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 11/12/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 11/19/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 11/26/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 12/3/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 12/10/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 12/17/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 12/24/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 12/31/2016 | | | 44.15 | 0.00 | 4.15 | $5.50 | $45.65 |
| 1/7/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 1/14/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 1/21/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 1/28/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 2/4/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 2/11/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 2/18/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 2/25/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 3/4/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 3/11/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 3/18/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 3/25/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 4/1/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 4/8/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |

Exhibit "A" to Complaint - Overtime Damage Calculation Worksheet

| Work Week Ending | PTO | Holiday | Hours Worked | Meal Time deducted | Hours worked over 40 | O/T Rate | FLSA Damages |
|---|---|---|---|---|---|---|---|
| 4/15/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 4/22/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 4/29/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 5/6/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 5/13/2017 | | | 55.05 | 0.00 | 15.05 | $5.50 | $165.55 |
| 5/20/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 5/27/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 6/3/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 6/10/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 6/17/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 6/24/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 7/1/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 7/8/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 7/15/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 7/22/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 7/29/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 8/5/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 8/12/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 8/19/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 8/26/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 9/2/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 9/9/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 9/16/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 9/23/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 9/30/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 10/7/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 10/14/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 10/21/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 10/28/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 11/4/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 11/11/2017 | | | 55.05 | 0.00 | 15.05 | $6.00 | $180.60 |
| 11/18/2017 | | | | | 0.00 | | $0.00 |
| 11/25/2017 | | | | | 0.00 | | $0.00 |
| 12/2/2017 | | | | | 0.00 | | $0.00 |

Exhibit "A" to Complaint - Overtime Damage Calculation Worksheet

| Work Week Ending | PTO | Holiday | Hours Worked | Meal Time taken | Hours worked over 40 | O/T Rate | FLSA Damages |
|---|---|---|---|---|---|---|---|
| | | | | | 0.00 | | $0.00 |
| | | | | | 0.00 | | $0.00 |
| | | | | | | | |
| | | | | | 760.25 | | $8,754.05 |
| | | | | | | | |